1022

28 C.C.P.A. (Patents)

## In re OSSE.
### Patent Appeal No. 4456.

Court of Customs and Patent Appeals.

June 30, 1941.

Clarence A. O'Brien, of Washington, D. C. (Clarence R. Gorman, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 4, inclusive, 7, 8, and 9 in appellant's application for a patent for an alleged invention relating to an apparatus designed for the purpose of separating gold and other metals from other materials such as sand.

Claims 2, 4, and 7 are illustrative of the appealed claims. They read: ·

"2. A separator of the character described comprising a flexible sheet, a plurality of vertically movable members for intermittingly engaging and flexing the sheet and means for operating the said members and a rigid frame for the said flexible sheet."

"4. A separator comprising a chute having an inclined flexible sheet bottom and means under the said bottom for flexing the same, said means for flexing the flexible sheet bottom consisting of a plurality of transversely extending bars adapted to be moved upwardly and downwardly against and away from the sheet bottom."

"7. A separator of the character described comprising a flexible sheet, a plurality of vertically movable members for intermittingly engaging and flexing the table, a mercury deposit at the material discharge end of the sheet and means for delivering material to be separated at the opposite end of the sheet, said movable members being constructed and arranged to feed the material from the last mentioned end of the sheet toward the opposite end thereof."

The references relied upon by the Patent Office tribunals are:

De Guinon, 293,852, February 19, 1884.

Day (British), 287,824, March 29, 1928.

Heidenreich (British), 399,294, October 5, 1933.

As defined in the appealed claims, appellant's apparatus comprises a trough having side walls and a flexible bottom (referred to in the application as a flexible floor, which may be of canvas or other suitable flexible material, such as sheet rubber). The material to be separated is poured into the trough from a hopper. The trough is in an inclined position so that the material gravitates to the lower end thereof. The apparatus includes a plurality of movable members or units, each of which consists of a cross-bar and an inverted U-shape frame member. The movable members are so operated that the cross-bars, *which are not secured to the flexible bottom of the trough*, intermittently engage and flex the flexible bottom of the trough by striking the same and thus agitating the material resting on the flexible bottom causing the heavier material to gravitate toward the bottom and the lighter particles to a higher level so that they may be discharged from

the trough. Appellant's device is provided with a pool of mercury for the purpose of amalgamating the gold separated from the ore or sand being treated.

It is unnecessary that we here describe in detail all of the references cited against the appealed claims. It is sufficient to say that each of them discloses an apparatus similar to appellant's.

The Primary Examiner relied upon each of the references cited.

The Board of Appeals, however, held that the appealed claims were not patentable in view of the De Guinon reference. In so holding, the board said: "The patent to De Guinon shows a separator which, like appellant's, includes a flexible sheet designed to be intermittently flexed by a plurality of vertically movable members. The only possible difference between the broader claims on appeal and what is shown by the above patent is in the matter of intermittent engagement. *As disclosed, the transverse apron-engaging bars of the patent appear to be in continuous engagement with the apron. We agree with the examiner that it would not amount to invention to space these bars from the apron so that engagement would be intermittent rather than continuous.* This patent is designed to be used with mercury as an amalgamating agent and differs from appellant's disclosure in that respect in using a plurality of pools instead of only one. This feature does not appear to be definitely involved in any of the claims on appeal, however." (Italics ours.)

Although it is stated in the board's decision that the bars which engage the flexible bottom of the trough in the De Guinon patent "appear to be in continuous engagement" therewith, the patentee states that: "The rocking of the agitators strikes the rubber cloth or leather on the under side between the cross-bars, thus causing a deflection upward of this diaphragm on alternate sides of the cross-bars, the sand pressing it back into a corresponding position in the opposite direction *when the head of the agitator leaves it*." (Italics ours.) It is apparent, therefore, that although, as stated by the Solicitor for the Patent Office, the drawings do not disclose that the striking members or agitators are not in continuous engagement with the "flexible sheet," the patentee clearly indicates, we think, that such striking members are not in continuous engagement with the "flexible sheet."

Counsel for appellant here contend that in the De Guinon patent the agitating members are secured to, and in constant engagement with, the flexible sheet, whereas in appellant's device, as set forth in appealed claims 1, 2, 4, and 7, the agitating members —"vertically movable members"—are not secured to, nor in constant engagement with, the "flexible sheet," and it is that alleged difference in structure which counsel for appellant here state patentably distinguishes appellant's device from the structure disclosed in the De Guinon reference.

It is true, as argued by counsel for appellant, that the drawings in the patent to De Guinon do not indicate that the agitating members *are not in constant engagement with the flexible sheet*. As hereinbefore noted, however, the patentee states that the heads of the agitators strike the flexible sheet and the ore in the trough presses the flexible sheet back when "the head of the agitator leaves it."

Assuming that counsel for appellant are right and that there is no clear disclosure in the patent to De Guinon that the heads of the agitators are not in constant engagement with the sheet, it certainly cannot be argued that the patentee does not suggest that the heads of the agitators might be in intermittent, rather than in constant, engagement therewith.

All of the other elements set forth in the appealed claims are clearly disclosed in the references of record.

We are of opinion that the tribunals of the Patent Office reached the right conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.